**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAFAEL GUERRA-JAVALERA, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>Case No. 03-20054–02-KHV |

**MEMORANDUM AND ORDER**

On March 24, 2006, a jury found defendant guilty of conspiracy to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 21 U.S.C. § 846 (Count 1), and distributing 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 2). On April 24, 2006, defendant filed a Motion For New Trial (Doc. #119) and Motion For Judgment Of Acquittal (Doc. #120). The Court overruled the motions as to Count 2. The Court ordered the government to show good cause in writing why the Court should not enter a straight judgment of acquittal as to Count 1. See Memorandum And Order And Order To Show Cause (Doc. #132) filed August 28, 2006. For reasons set forth below, the Court sustains in part defendant's motion for judgment of acquittal as to Count 1.

**Standards For Motions For New Trial**

Rule 33, Fed. R. Crim. P., provides that a motion for a new trial may be granted "if required in the interest of justice." A motion for new trial under Rule 33 is not regarded with favor and is granted only with great caution. See United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial

court.  See id.

## Standards For Motions For Judgment Of Acquittal

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses.  See Burks v. United States, 437 U.S. 1, 16 (1978).  Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt."  United States v. White, 673 F.2d 299, 301 (10th Cir. 1982).  The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that could be drawn therefrom, in the light most favorable to the government.  See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986).  Acquittal is proper only if the evidence implicating defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt."  White, 673 F.2d at 301.

## Analysis

At the close of the government's case, defendant made a motion for judgment of acquittal on both counts.  As to Count 1, defendant argued that co-defendant Senner had testified that he distributed a total of 750 pounds of marijuana (340.20 kilograms), much less than the 1,000 kilograms charged.  The Court overruled defendant's motion and submitted the case to the jury.

The jury found defendant guilty on both counts.  As to Count 1, the jury found that between March of 2001 and November 22, 2002, defendant conspired to distribute 1,360 kilograms of marijuana (2,998.26 pounds).

On April 24, 2006, defendant filed a Motion For New Trial (Doc. #119) and Motion For Judgment Of Acquittal (Doc. #120).  On Count 1, defendant argued that in determining the amount

of marijuana involved in the conspiracy, the jury must have relied upon Senner's hearsay statement to Officer Ferrari that he had distributed 3,000 pounds of marijuana (1,360.8 kilograms) which defendant had supplied him. The Court set out the evidence presented at trial in the memorandum and order and does not repeat it here. The Court determined that it had committed plain error by failing to instruct the jury that it could not consider Senner's prior inconsistent hearsay statement to Ferrari as substantive evidence of the amount of marijuana involved in the conspiracy. The Court further determined that the error impacted defendant's substantive rights, e.g., that it affected the outcome of the proceeding. The Court stated as follows:

> In addition to his initial statement to Ferrari, Senner testified that (1) defendant asked him to buy a bus so that defendant could haul 3,000 pounds of marijuana at a time (1,360.8 kilograms); (2) shortly before Senner's arrest, defendant told him that defendant was going to get 3,000 pounds of marijuana each time he returned from Mexico; and that (3) a few days before Senner's arrest, defendant told him that he was getting in 3,000 pounds of marijuana from Mexico soon. None of this other evidence, however, demonstrates that defendant agreed to distribute 3,000 pounds of marijuana as part of the conspiracy charged in this case. See United States v. Arras, 373 F.3d 1071, 1074 (10th Cir. 2004) (prosecution must prove beyond a reasonable doubt that alleged conspirator agreed to distribute certain quantity of drugs) . . . The record contains no evidence – other than Senner's hearsay statement to agent Ferrari that he had sold about 3,000 pounds of marijuana supplied by defendant (1360.8 kilograms) – that defendant was involved with a conspiracy to distribute 1,000 kilograms or more of marijuana. The Court therefore cannot find that its failure to correctly instruct the jury did not affect the outcome of the trial as to Count 1.
>
> At trial, the Court properly admitted evidence which was sufficient for a jury to find that defendant conspired to distribute at least 1,229.4 pounds of marijuana (557.66 kilograms), but not that the conspiracy involved 1,000 kilograms or more (2,204.6 pounds), the amount charged in the indictment. Therefore, defendant's conviction on Count 1 cannot stand. The parties do not specifically address whether in these circumstances defendant is entitled to (1) judgment of acquittal as to Count 1, (2) a new trial on Count 1 as to a lesser included amount, or (3) a sentence under 841(b)(1)(B) or (D). See United States v. Jones, 235 F.3d 1231, 1236 (10th Cir. 2000) (quantity of drugs is essential element of offense if it exposes defendant to heightened maximum sentence under § 841(b)(1)(A) or (B)); see also United States

3

v. Ramos-Palomino, No. 01-20010-03, WL 699046 at *2 (D. Kan. 2001), aff'd, 51 Fed. Appx. 814 (10th Cir. 2002). **The Court therefore orders the government to show cause in writing on or before August 31, 2006 why the Court should not enter a straight judgment of acquittal as to Count 1. Defendant shall reply to the government's response on or before September 6, 2006.**

The government responds that defendant is not entitled to a judgment of acquittal on Count 1 because the evidence properly admitted at trial was sufficient to support a finding that defendant conspired to distribute 1,000 kilograms or more of marijuana. The government asserts that in reviewing the evidence, the Court failed to consider defendant's statements to law enforcement agents who arrested him with 79.4 pounds of marijuana (36.02 kilograms) in New Mexico on June 28, 2001. Defendant told the agents that he had been making trips from Kansas City to New Mexico two times a week for about a year, and occasionally picked up similar amounts of marijuana. The government then argues as follows:

> Given that even after the date of the seizure of marijuana in New Mexico, the defendant continued to supply marijuana to Senner until November 22, 2002, it would have been reasonable for the jury to conclude that Guerra-Javalera continued making those weekly trips, transporting marijuana to Kansas City, thereby encompassing a total time period of some two and a half years. Even a conservative estimate of what would have been 260 trips during that time period and only picking up marijuana on a fourth of the trips would have netted 5,161 pounds (2,343 kilograms) of marijuana. On November 22, 2002, when Senner ordered up the quantity of marijuana, the defendant indicated that he was actually in Mexico.

Although defendant does not specifically respond to this argument, he asserts that "[l]ooking at the substantive evidence before the jury, the verdict, as written, is without factual support." Defendant's Reply (Doc. #138) at 3. The Court perceives several flaws in the government's argument that the jury could have concluded that defendant transported over 5,000 pounds of marijuana from Mexico to Kansas City as part of the charged conspiracy. Even if the jury assumed that defendant made 260 trips, the government presents no basis for the assumption that he delivered marijuana on 25 percent

4

of those trips.[1] Further, the government does not point to any evidence that these purported 260 trips were part of a conspiracy, and if so, with whom. The government has not pointed to properly admitted evidence to support a finding that the conspiracy involved at least 1,000 kilograms.

Defendant asserts that he is entitled to a judgment of acquittal on Count 1 because the evidence as to one element of the charge – that defendant conspired to distribute 1,000 kilograms or more of marijuana – is insufficient to support the jury's verdict. As set out in the earlier memorandum and order, the Court agrees that the evidence is insufficient to support the conviction as to Count 1.

The government asserts that if the record contained insufficient evidence to satisfy the 1,000 kilogram amount charged, the Court should consider whether the government presented sufficient evidence to sustain a conviction of the lesser included offense of conspiracy to distribute 100 kilograms or more of marijuana, under 21 U.S.C. § 841 (b)(1)(B)(vii), relying on United States v. Smith, 13 F.3d 380 (10th Cir. 1993).

In Smith, the Tenth Circuit reversed defendant's conviction for distribution of cocaine within 1,000 feet of playground for insufficient evidence. After supplemental briefing, the Tenth Circuit addressed whether to exercise its power under 28 U.S.C. § 2106 to reduce a conviction of a greater offense, based on insufficient evidence, to that of a lesser included offense.[2] The Tenth Circuit

---

[1] Even if defendant made eight trips per month during the 29 month time span asserted by the government, the total would be 232 trips.

[2] 28 U.S.C. § 2106 provides as follows:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought

(continued...)

applied the safeguards for determining whether to reduce the conviction to a lesser included offense set out in Allison v. United States, 409 F.2d 445, 451 (D.C. Cir.1969):

> It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

409 F.2d at 451. In Smith, the parties conceded that the first three requirements were met. Likewise, in this case, the Court finds that the first three requirements are met: the evidence does not support the 1,000 kilogram element of the crime and the evidence sufficiently sustains all elements of the lesser included offense of conspiracy to distribute 100 kilograms or more of marijuana, under 21 U.S.C. § (b)(1)(B)(vii).

As to the fourth prong, lack of undue prejudice to the accused, defendant in Smith contended that the defense theory and presentation at trial might have been different had he been charged with the lesser included offense of simple distribution of crack cocaine. Id. The Tenth Circuit noted that the defendant did not offer any suggestion of how the defense might have differed. Further, the Tenth Circuit stated that defense counsel already had a duty to explore all valid defenses, given that "[i]t is perfectly proper for the court to give [a lesser included offense instruction under the "necessary elements" test] at the request of the defendant, the prosecution, or sua sponte – whether or not any party objects." Id. at 383, citing United States v. Cooper, 812 F.2d 1283, 1289 (McKay,

---

[2](...continued)
before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

J., concurring in part & dissenting in part) & at 1286 (Seth, J.) (10th Cir. 1987); see also United States v. Begay, 833 F.2d 900, 901 (10th Cir. 1987). The Tenth Circuit found that the possibility of such an instruction existed throughout the trial, and that sentencing defendant to the proven lesser included offense would therefore not result in undue prejudice. Cf. United States v. Duran, 127 F.3d 911, 914-15 (10th Cir. 1997) (court must instruct on lesser included offense when, inter alia, defendant properly requests instruction); United States v. Lopez Andino, 831 F.2d 1164 (1st Cir. 1987) (failure to give lesser included offense instruction not error where defense counsel did not request instruction and stated no objection to charge given).[3]

In this case, defendant objected to the verdict form which allowed the jury to indicate the amount of marijuana which it found defendant conspired to distribute. Defense counsel stated that "we're prepared to go to trial on an all or nothing type of arrangement," and argued that the Court should not instruct the jury on a lesser included offense. The Court responded that "while the instructions don't expressly talk about lesser included offenses, they're structured in a way so that's

---

[3] The United States Supreme Court has held that the Constitution requires the court to give a lesser included offense instruction when defendant faces a death sentence. See Beck v. Alabama, 447 U.S. 625, 637-39 (1980). The Supreme Court, however, expressly stated that it need not decide whether a lesser included offense instruction is required in a non-capital case. See id. at 638 n.14. The Tenth Circuit, along with the Fifth, Ninth and Eleventh Circuits, has held that the Constitution does not impose such a duty in non-capital cases (i.e. the courts will not entertain habeas cases based on failure to give a lesser included instruction in non-capital cases). See Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1988); Trujillo v. Sullivan, 815 F.2d 597, 602-04 (10th Cir.), cert. denied, 484 U.S. 929 (1987); Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.), cert. denied, 469 U.S. 838 (1984); Perry v. Smith, 810 F.2d 1078, 1080 (11th Cir. 1987). The Third and Sixth Circuits, however, have applied the Beck rule generally to non-capital cases. See Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988); Ferrazza v. Mintzes, 735 F.2d 967, 968 (6th Cir. 1984). The First and Seventh Circuits will entertain a habeas claim in a non-capital case only if defendant can show fundamental injustice. See Tata v. Carver, 917 F.2d 670, 672 (1st Cir. 1990); Nichols v. Gagnon, 710 F.2d 1267, 1272 (7th Cir. 1983), cert. denied, 466 U.S. 940 (1984).

7

a permissible outcome."

Based on Smith, the Court finds that defendant will not suffer undue prejudice if the Court enters a conviction on Count I of the lesser included offense of conspiracy to distribute 100 kilograms or more of marijuana, under 21 U.S.C. § 841 (b)(1)(B)(vii).

**IT IS THEREFORE ORDERED** that defendant's Motion For Judgment Of Acquittal (Doc. #120) be and hereby is **SUSTAINED** as to the conviction on Count 1 of conspiracy to distribute 1000 or more kilograms of marijuana, under 21 U.S.C. § 841(b)(1)(A)(vii).  **The Court enters a conviction on the lesser included offense of conspiracy to distribute 100 kilograms or more of marijuana, under 21 U.S.C. § 841 (b)(1)(B)(vii).**  Sentencing is set for March 5, 2007 at 9:30 a.m.

Dated this 20th day of December, 2006 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Court

8